AMANDA E. HERSEY

v.

EMIL C. SCHAEDEL.

1. PRACTICE—BILL OF EXCEPTIONS.—The action of the court in overruling a motion to quash a writ of *certiorari* can only be brought to the notice of this court by a bill of exceptions. Recitals by the clerk in the record are not sufficient.

2. APPEAL—ONLY FROM FINAL JUDGMENTS.—This court can only review final orders, judgments and decrees of the court below. The overruling of a motion to quash a writ of *certiorari* is not such a final disposition of the case as may be appealed from.

ERROR to the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding. Opinion filed March 29, 1880.

This suit was commenced by Amanda E. Hersey against Emil C. Schaedel, before a justice of the peace of Cook county, where the plaintiff recovered a judgment for $160 and costs. On petition of the defendant, a writ of *certiorari* was issued to remove said cause into the circuit court, and thereupon the plaintiff moved to quash said writ, on the ground of the insufficiency of the defendant's petition therefor. This motion being overruled, no further proceedings were had in the court below, and the cause is brought to this court by writ of error. The only error assigned is, the decision denying the motion to quash the writ of *certiorari*.

Mr. WILLIAM B. BRADFORD, for plaintiff in error.

King v. Sea.

Mr. John C. Richberg, for defendant in error.

Bailey, P. J. The record in this case contains no bill of exceptions, and although the clerk has recited as a part of the proceedings, that a motion to quash the writ was interposed and overruled, and that an exception to such decision was taken, such matters can be made a part of the record, so as to be subject to review in an appellate court only by bill of exceptions. Van Cott v. Sprague, 5 Bradwell, 99.

But there is another insuperable obstacle in the way of our entertaining jurisdiction of this cause or considering the error assigned, growing out of the fact that no final judgment has been rendered by the court below. This court can only review final orders, judgments and decrees of the circuit court. The order denying the motion to quash the writ of *certiorari* did not finally dispose of the case, nor did it constitute a final determination of any of the rights of the parties litigant. It merely retained the cause for trial *de novo*, and until such trial is had, resulting in a final judgment, or the cause is otherwise finally disposed of, it cannot be brought to this court by appeal or writ of error. Benevolent Association of Paid Fire Department, etc., v. Farwell, 5 Bradwell, 240; Village of Jefferson v. Bohemian National Cemetery Association, Id. 230. The writ of error will therefore be dismissed, at the costs of the plaintiff in error.

Writ of error dismissed.