# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

### SECOND DISTRICT—DECEMBER TERM, 1887.

### MATILDA BINGHAM
### v.
### SILAS BRUMBACK ET AL.

*Practice—Motion to Dismiss Appeal—Renewal of—Adjournment of Court Below—Time of—Evidence.*

1. Where a motion to dismiss the appeal has been overruled it can not afterward be renewed.

2. Upon a motion to dismiss the appeal on the ground that the transcript of the record was not filed in time in this court, the date of adjournment of the Circuit Court can not be shown by affidavit or certificate of the clerk of that court. The day of such adjournment can only be shown by an authenticated copy of the order of adjournment.

[Opinion filed January 16, 1887.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. KAY & EVANS, for appellant.

Messrs. DOYLE, MORRIS & PIERSON, for appellee.

*Per Curiam.* At the present term and on the 16th day of December, 1886, a motion was entered herein by appellees to dismiss the appeal for the alleged reason that more than twenty days intervened between the final adjournment of the

Bingham v. Brumback.

March term, 1886, of the Circuit Court, at which term the judgment was rendered, and the convening of the May term, 1886, of this court, and that an authenticated copy of the record was not filed at said May term, or the time for so doing extended by the order of this court. See section 73 of Practice Act, as amended in 1879.

That motion we overruled, and for the reason the transcript of the record contained no adjourning order; and for aught that appeared therein the March term of the Circuit Court may not have been adjourned before Saturday, the 15th day of May.

The motion to dismiss the appeal has now been renewed, and with the motion the affidavit of one Pierson and the certificate of the clerk of the Circuit Court have been filed for the purpose of showing that said March term adjourned on the 2d day of April, 1886. Even if the affidavit and certificate were competent evidence to establish the day of adjournment, yet this motion now interposed should be ordered stricken from the files, for appellees have already had their day in court in the matter of the dismissal of the appeal for want of compliance with the provisions of the Practice Act; and if they did not file with their first motion evidence to show the day of adjournment, it was their own fault.

If the motion before us could be entertained, it would necessarily have to be overruled. The day of the adjournment of the term of the court could only be made known by an authenticated copy of the order of adjournment; and no such order is contained either in the original transcript of the record, or in the additional transcript filed with this motion. This additional transcript contains only a copy of the judgment of the court below and the order allowing the appeal. True, the clerk in his certificate to this transcript, states and certifies that the March term of the court adjourned on the 2d day of April, 1886, but such certificate can not be received as evidence of such fact. Leach v. People, 118 Ill. 157. The same rule will apply to the affidavit of Pierson.

The motion to dismiss the appeal is ordered to be stricken from the files.