NAT. BANK OF LAWRENCE Co. *et al. v.* JOHN V. LE MOYNE *et al.*

and

GEORGE F. HARDING *v.* H. M. SHEPARD, Admr. *et al.*

*Filed at Ottawa January 25, 1889.*

1. APPEAL—*from Appellate Court—what questions to be considered.* No questions can be considered on appeal from or writ of error to the Appellate Court, except such as were, by the record before it, presented to that court.

2. SAME—*effect of amended bill of exceptions, not before the Appellate Court.* This court, on appeal from the Appellate Court, can only determine whether that court decided correctly, and the exact question submitted to that court must be before this court. It therefore follows, that an amended bill of exceptions not before the Appellate Court can not be considered by this court.

3. SAME—*practice—time to object that the bill of exceptions is not complete.* Where the appellee in the Appellate Court omits to make the objection there that the bill of exceptions fails to show any exceptions on the trial, on appeal to this court he will be precluded from urging such objection.

4. Any objection that may be obviated must be made in the lower courts in apt time, or it will be considered as waived.

5. TRIAL BY THE COURT—*bill of exceptions—what it must show.* Where the bill of exceptions fails to set out the findings and judgment of the court on a trial without a jury, and to show they were properly excepted to, no questions arising upon such findings and judgment can be considered by the Appellate Court.

6. SAME—*no propositions of law presented—presumption.* Where a case is tried before the court without a jury, and no propositions of law are submitted, it will be assumed that the court ruled the law correctly; and the affirmance of the judgment by the Appellate Court is conclusive.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. WILLIAM J. AMMEN, and Mr. GEORGE R. GRANT, for the appellants.

127  253
39a 381

127  253
41a 553

127  253
44a 303

127  253
159  223
160  107

127  253
156  115

127  253
56a 227

127  253
63a 577

127  253
168   85
168  139
70a 648

127  253
174  122

127  253
83a 329

127  253
87a 593

127  253
e91  ² 92

127  253
100a ²273

127  253
203  ⁴404
109a ⁵167

127  253
210  ² 75

Mr. MELVILLE W. FULLER, and Messrs. WILSON & MOORE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

These were proceedings in the probate court of Cook county, by certain creditors of the estate of Charles W. Recketson, deceased, against the administrator of that estate, for the collection of their debts. Appeals were prosecuted from the judgments of the probate court to the circuit court of that county, and that court affirming the judgment of the probate court, an appeal was taken from its judgment to the Appellate Court for the First District. The last named court affirmed the judgments of the circuit court, and, by a further appeal, the cases are brought here, and, by agreement of parties, they are consolidated, and to be considered as one case.

Since the cases have been pending in this court, an amended record, containing an amended bill of exceptions, has been filed. Motion was made to strike it from the files, and the decision on that motion has been reserved until now.

We have held that no questions can be considered, on appeal from or writ of error to the Appellate Court, except such as were, by the record before it, presented to that court. (*Thayer* v. *Peck,* 93 Ill. 357; *Redlich* v. *Bauerlee,* 98 id. 134; *Hyslop* v. *Finch,* 99 id. 171.) Necessarily, therefore, the record reviewed must be the same in this court that it was in the Appellate Court. The principle applying is obvious, and needs no elaboration. We can only decide whether the Appellate Court decided correctly, and to do that, the exact question submitted to it must be before us. It follows that the amended record can not be considered here, and must be stricken from the files.

The original bill of exceptions omitted to set out the findings and judgments of the circuit court, and to show that they were properly excepted to at the time they were announced. No question arising upon such ruling could therefore have

been considered by the Appellate Court, had that objection been there urged. *Martin et al.* v. *Foulke et al.* 114 Ill. 206; *Graham et al.* v. *The People,* 115 id. 566.

It is contended, however, that inasmuch as that objection was not urged in the Appellate Court, it can not be urged here. This is the general rule applicable to all objections that may be obviated if urged in apt time, and we think it is applicable here. Had the objection been urged in the Appellate Court, it might have been obviated, as it was here attempted to be, by an amended record containing an amended bill of exceptions.

The causes were tried by the court, by agreement of parties, without the intervention of a jury. The questions presented for our consideration are thus stated by counsel for appellants:

"The appellants respectfully submit, that the only two questions made in this consolidated case are, first, whether John V. LeMoyne should be allowed the judgment given upon the Tiernan contract; and second, whether he should be allowed dividends upon said claim, to be paid out of the proceeds of the sale of the lands made under the order of the circuit court, of June, 1870."

It is obvious these include both questions of law and of fact. The court may have entirely agreed with counsel for appellants as to the construction of the law, but disagreed with them as to the effect of the evidence. It is provided by section 41 of our Practice act, (Rev. Stat. 1874, p. 780,) that in all cases, in any court of record of this State, if both parties shall agree, both matters of law and fact may be tried by the court; and upon such trial, either party may, within such time as the court may require, submit to the court written propositions to be held as law in the decision of the case, upon which the court shall write "refused" or "held," as he shall be of opinion is the law, or modify the same, and to which either party may except, as to other opinions of the court. In construing the provisions of the Appellate Court act, limiting our right to

review questions of law, only, in connection with this section, in *Bridge Co.* v. *Commissioners of Highways*, 101 Ill. 521, we said: "The ultimate propositions to be proven, the evidence submitted in support of them, the finding of the trial court on those propositions, and the judgment of the Appellate Court upon such findings, are matters which this court is not permitted to review, where no exception has been taken or question of law has otherwise been preserved upon the record." And in *Mutual Aid Association* v. *Hall*, 118 Ill. 173, we said: "Where there is a trial before the court, without a jury, in order to present a question of law to this court as having been passed upon by the court below, the party should submit propositions of law to the trial court."

Where, in a case tried by the court without the intervention of a jury, no propositions of law are submitted to the court, the case stands in the same condition, in so far as affects this question, as if the trial had been by jury, and no instructions had been asked or given on either side. In such case it would be assumed the jury made no mistake of law, and if the verdict should be wrong, it would be an error of fact, which the Appellate Court alone can correct. (*Hobbs* v. *Ferguson's Estate*, 100 Ill. 232.) So here, therefore, we must assume that the trial court ruled the law correctly, and the decision of the Appellate Court conclusively determines that it ruled the facts correctly. *Kelderhouse* v. *Hall*, 116 Ill. 147; *Christy* v. *Stafford*, 123 id. 465; *Montgomery et al.* v. *Black et al.* 124 id. 57; *First National Bank of Michigan City* v. *Haskell et al.* id. 576.

The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY, having heard this case in the Appellate Court, took no part in its decision here.