## ISOM W. LUSK
### v.
## LEWIS B. PARSONS.

*Practice—Bill of Exceptions—Absence of.*

1. The rulings of the trial court upon questions arising in the progress of a given trial must be preserved in a bill of exceptions duly authenticated; likewise the objections and exceptions; otherwise this court can not review such rulings, nor can the party excepting thereto have the benefit of such exceptions herein.
2. Recitals of the clerk of the trial court in the transcript of the record as to what was done in a given case, are extra-official and of no legal effect.

[Opinion filed February 2, 1891.]

IN ERROR to the County Court of Clay County; the Hon. B. D. MONROE, Judge, presiding.

Messrs. CHESLEY & BOYLES and G. A. HOFF, for plaintiff in error.

Mr. RUFUS COPE, for defendant in error.

GREEN, J. There is no bill of exceptions in this record, hence we can not consider and pass upon the points presented on behalf of plaintiff in error, touching the alleged errors of the trial court in sustaining defendant's demurrer to the evidence, overruling plaintiff's motion for a new trial and entering judgment for defendant. The rulings of the court below upon questions arising in the progress of the trial, must be preserved in a bill of exceptions and also the objections and exceptions; otherwise we can not review such rulings, nor can the party excepting thereto have the benefit of such exceptions here. The bill of exceptions authenticated by the signature and seal of the presiding judge is the only proper source to which we can resort for information concerning the actions and rulings of the court during the trial, the nature of the objections and exceptions thereto and the reasons given, if any, for such objections. When thus authenticated and filed the bill of exceptions becomes a part of the record. In the transcript of the record in this cause we find recitals that there was a demurrer to plaintiff's evidence considered by the court, and the jury discharged, a finding and judgment for defendant, then a motion made by plaintiff for new trial overruled and exception by plaintiff to the overruling of such motion. It is immaterial that such recitals are made by the clerk; they are matters that can not become a part of the record unless they are incorporated in a bill of exceptions and the recitals by the clerk in that respect are extra-official and of no legal effect. Repeated decisions of the Supreme Court fortify the views above expressed and announce a rule we are not at liberty to disregard. Among the latter of such decisions will be found Gould v. Howe, 127 Ill. 251; Bank of Lawrence County v. Le Moyne, 127 Ill. 253. The judgment of the County Court is affirmed.

*Judgment affirmed.*