RICHARD EVERETT AND HENRY R. POST, COPARTNERS,

v.

THE COLLINSVILLE ZINC COMPANY.

*Practice—Stipulations Waiving Requirements of Law.*

1. In a trial by the court without a jury, where the bill of exceptions fails to set out the findings and judgment of the court, and to show they were properly excepted to, no questions arising upon such findings and judgment can be considered by this court.

2. This court can not permit a stipulation to be made which would waive a positive requirement of law.

3. So held in the case presented, as to a stipulation entered into by counsel, by which the failure of the bill of exceptions to show a motion for new trial, and an exception thereto, was not to be raised on argument.

[Opinion filed October 27, 1891.]

IN ERROR to the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. REYNOLDS & LEWIS, for plaintiffs in error.

Messrs. TRAVOUS & WARNOCK, for defendant in error.

GREEN, P. J. By agreement this cause was tried by the

court without a jury. The court entered judgment for defendant for costs. The bill of exceptions contains no finding by the court, nor any exceptions to the finding or judgment of the court. No propositions of law to be held by the court were presented. No question arises upon the pleadings. But the rulings of the court during the progress of the trial, and rendering judgment for defendant and not for plaintiff, are the only errors assigned and relied upon to reverse this judgment.

In the condition we find the record, we are precluded from considering and passing upon any of the errors assigned, and must affirm the judgment. In a trial by the court without a jury, where the bill of exceptions fails to set out the findings and judgment of the court, and to show they were properly excepted to, no questions arising upon such findings and judgment can be considered by the Appellate Court. Nat. Bank St. Lawrence Co. et al. v. John V. Le Moyne et al., 127 Ill. 253, and cases there cited. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*

[Opinion filed October 27, 1891.]

*Per Curiam.* A motion is made in this case, based on affidavit, that a stipulation was made between counsel for appellant and counsel for appellee, by which the question of the failure of the bill of exceptions to show a motion for new trial, and an exception thereto, was not to be raised on argument. This court can not permit a stipulation to be made which would waive a positive requirement of law. The authorities are uniform in this State, in the Supreme Court, and in the Appellate Court, that the absence of a motion for new trial and an exception thereto, in a bill of exceptions, will preclude a court, on appeal, from reviewing the facts of a case, and the right of waiver of so material a fact is denied.