## M. E. Le Fevere v. John Q. Watson et al.

1. PRACTICE—*Bills of Exceptions.*—The action of the court in overruling a motion to quash a writ of certiorari can only be brought to the notice of the Appellate Court by a bill of exceptions. Recitals by the clerk in the record are not sufficient.

Le Fevere v. Watson.

2. APPELLATE COURT PRACTICE—*When no Bill of Exceptions is Filed.* —When alleged errors can not be considered because no bill of exceptions is filed, the proper practice is to affirm the judgment rather than to dismiss the appeal or writ of error.

**Transcript,** from a justice of the peace. Appeal from the County Court of Peoria County; the Hon. ROBERT H. LOVETT, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed July 9, 1897.

CHARLES A. KIMMEL, attorney for plaintiff in error.

DAN R. SHEEN, attorney for defendants in error.

OPINION PER CURIAM.

Plaintiff in error sued defendants in error before a justice of the peace and recovered judgment. Having failed to appeal, they petitioned the County Court for a writ of certiorari under the statute, which was allowed, and the case brought into that court, where a trial was had by a jury and a verdict rendered for defendants in error, upon which the court rendered judgment against plaintiff in error for the costs of suit. He brings the case to this court on a writ of error, and assigns for error: 1, that the court erred in overruling plaintiff's motion to quash the writ of certiorari and dismiss the appeal, and 2, that the court erred in rendering judgment for the defendants, and that the judgment should have been for the plaintiff.

In order to have preserved these questions for the consideration of this court, the plaintiff in error should have saved them in a bill of exceptions, as otherwise there is nothing in the record for use to pass upon. There is no bill of exceptions in the record. The clerk has improperly inserted in the record what purports to be a motion to quash the writ of certiorari, and also a motion for a new trial, but this action of the clerk does not make these alleged motions a part of the record. In the case of Hersey v. Schaedel, 6 Ill. App. 188, it was held that the action of the court in overruling a motion to quash a writ of certiorari can only be brought to the notice of the Appellate Court

by a bill of exceptions, and that recitals by the clerk in the record are not sufficient.

We think the rule is established by numerous decisions in this State, that motions of this character and the action of the court thereon can only be preserved for the consideration of Appellate Courts by bill of exceptions. Lusk v. Parsons, 39 Ill. App. 380; Bernett v. Baird, 67 Ill. App. 422; Hughes v. Richter, 60 Id. 616; Gould v. Howe, 127 Ill. 251; C., R. I. & P. R. R. Co. v. Town of Calumet, 151 Ill. 515; Bank of Lawrence Co. v. LeMoyne, 127 Ill. 253.

Many other cases might be cited to the same effect but we deem it unnecessary. The defendants in error have entered a motion to dismiss the writ of error because the record contains no bill of exceptions upon which the alleged errors can properly be assigned, but we think the proper practice is to affirm the judgment for the reasons above given which will accordingly be done. Judgment affirmed.