## Fred C. Laird v. Lucius B. Mantonya.

1. PRESUMPTIONS—*That the Finding of Trial Court is Right.*—Where the trial judge sees the witnesses and hears all the evidence, the presumption is that his finding is right, and that, acting under the responsibility of his place, he determined correctly.

2. CONTRACTS—*Between Lessor and Lessee.*—Where a contract is entered into between two parties for a lease of land and a third party takes the place of the lessee, the contract of the original lessee continues in force unless the lessor accepts the assignee as sole tenant and absolves the original lessee. Acceptance of rent by the lessor from the assignee does not discharge the original lessee.

**Assumpsit,** to recover rent under a written lease. Trial in the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Verdict and judgment for plaintiff: appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed May 26, 1899.

M. L. THACKABERRY, attorney for appellant.

RICH & LOEHR, attorneys for appellee.

In an appellate court it will be conclusively presumed that the law was correctly applied to the facts by the jury, or the trial court sitting as a jury, unless the record affirmatively shows error in that regard by the submission of instructions or propositions of law. Belleville Savings Bank v. Bornman, 124 Ill. 210; Davies v. Phillips, 27 Ill. App. 388; Northwestern Association v. Hall, 118 Ill. 173; Montgomery v. Black, 124 Ill. 62; Merrimac Paper Co. v. Illinois Trust & Savings Bank, 129 Ill. 297; Bank of Michigan City v. Haskell, 124 Ill. 589; County of LaSalle v. Milligan, 143 Ill. 329; Allison v. Leslie, 40 Ill. App. 441; National Bank v. LeMoyne, 127 Ill. 256.

An assignment of a lease by the lessee does not discharge either the lessee or his surety from its covenants. It does not have this effect even when the lessor recognizes the assignment by accepting rent from the assignee. There must be a clear intent to make a new contract with the assignee and to discharge the lessee, or both will be held.

Grommes v. St. Paul Trust Co., 147 Ill. 634; Goergen v. Schmidt, 69 Ill. App. 538; Sexton v. Chicago Storage Co., 129 Ill. 334; Field v. Herrick, 101 Ill. 110.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a suit by appellee to recover rent under a written lease. The defense is that a power of attorney to confess judgment for rent due under the lease was altered after its execution, and that the lease had been terminated by the substitution of a third party as tenant under a verbal agreement.

Judgment was entered by confession, but subsequently the defendant was allowed to plead, the judgment standing as security. Issue was joined and the case heard before the court without a jury. Judgment was confirmed against appellant for the rent due under the lease.

We regard the alterations in the power of attorney, so far as they are material, as sufficiently explained by the plaintiff's testimony at least to throw the burden upon appellant to show that the lease was not admissible in evidence by reason thereof.

The testimony is conflicting upon some points, but not materially so. The court saw the witnesses and heard all the evidence. The presumption is that the finding is right, and that, acting under the responsibility of his place, the judge determined correctly. Gaynor v. Harding, 76 Ill. App. 660.

We think the finding was correct, inasmuch as the evidence fails to show a clear intent of the appellee to make a new contract with the third party accepting him as a tenant and releasing the appellant. It was a question of fact to be determined from the evidence.

The contract of the original lessee continues in force unless the lessor accepts the assignee as sole tenant and absolves the original lessee. Acceptance of rent by the lessor from the assignee does not discharge the lessee. Grommes et al. v. St. Paul Trust Co., 147 Ill. 634, 648.

No propositions of law were submitted to the trial court and we must assume that court ruled correctly as to the law. Nat. Bank of Lawrence Co. v. LeMoyne, 127 Ill. 253. The judgment of the Circuit Court is affirmed.