## Moulton Agency v. W. F. McLaughlin Co.

1. Appellate Court Practice—*Where the Bill of Exceptions Contains No Exceptions.*—Where what purports to be a bill of exceptions contains no exceptions at all, the judgment of the court below will be affirmed.

Appeal from the Superior Court of Cook County; the Hon. Marcus Kavanagh, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed February 21, 1902.

Moulton Agency v. W. F. McLaughlin Co.

SMITH, HELMER, MOULTON & PRICE, attorneys for appellant.

HENRY L. HARLEY and MARTIN LAMBERT, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a motion by appellee to affirm the judgment of the Superior Court from which this appeal comes, upon the ground that the bill of exceptions preserves no exceptions whatever to any of the rulings, findings, or to the judgment. An examination of the transcript containing the bill of exceptions discloses the fact that the objection is well taken. Indeed it is not denied in the counter suggestions filed by appellant's counsel, that no exceptions appear to have been taken in the trial court. Counsel ask us not to consider the point until the cause is reached upon the final hearing, urging that the objection may be obviated by an amended record containing an amended bill of exceptions, citing Nat. Bank, etc., v. LeMoyne, 127 Ill. 253. It is urged that the appeal is not prosecuted for delay, and that appellant's principal contention is that appellee's claim is barred by the statute of limitations. No effort has been made, however, to file an amended record, assuming that the objection can be so obviated, and the motion to affirm has been pending here now for more than a month. It is obvious, as stated in National Bank v. LeMoyne, *supra*, that in the absence of exceptions to the findings and judgment of the Superior Court no question arising thereon can be here considered, the objection having been duly raised. The cause was submitted to court, a jury being waived, upon a stipulation of all the material facts. There was no controversy as to facts, no propositions of law were submitted to the trial court for ruling thereon, and no exceptions preserved. It must be assumed the trial court's ruling as to the law was correct. Gould v. Howe, 127 Ill. 251–252, and many cases there cited. Gage v. Goudy, 128 Ill. 566; Everett v. The Collinsville Zinc Co., 41 Ill. App. 552.

The judgment of the Superior Court must be affirmed.