Peters v. Darling.

---

# W. A. Peters et al. v. Adaline Darling, Impleaded, etc.

1.  BILL OF EXCEPTIONS—*Must Contain Evidence Made the Subject of Review.*—A party, to avail himself of an exception to a decision of the lower court, must take an exception at the time the decision is made, and the bill of exceptions must affirmatively show that it was taken at that time.

2.  PRACTICE—*Waiver of Irregularities by Submitting to the Jurisdiction of the Court.*—By submitting the cause for trial to the court, all prior errors, if any, going to the jurisdiction of the court, are waived.

Assumpsit, for goods sold and delivered.  Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding. Heard in this court at the October term, 1902.  Affirmed.  Opinion filed March 30, 1903.

Plaintiffs in error on January 18, 1900, obtained a judgment in assumpsit for $156.72, before a justice, against defendant in error as a copartner of C. F. Foskett, who was not served.  C. F. Foskett & Co. had been engaged in the drug business in Chicago prior to and until November 14, 1894, when the firm executed a deed of voluntary assignment.  The estate was closed in April, 1896.  The claim of plaintiffs in error was that Darling was a secret partner in said firm, and that that fact was unknown to them until the fall of 1899; and that there was a balance due them from said firm after crediting the dividends received from the

County Court.    There were some thirty-two other justice suits in which judgments were had against Darling, either before or soon after the entry of judgment in this case. The same attorney represented all these plaintiffs before the justice.    The same legal questions are presented in all of these cases, except in some of them the defense of the statute of limitations might be made, and in others that defense was not pertinent.

·July 12, 1900, Darling filed a petition for certiorari in the Superior Court, praying for the removal of this cause from said justice court.    It sets up the commencement of the suit at law by plaintiffs in error before the justice, and that her attorneys appeared therein prepared to defend. That before that time the attorney of plaintiffs in error had brought in said justice court twenty-five similar actions, upon which, on December 5, 1899, judgments were entered against her, aggregating the sum of over $2,000, in each and all of which her attorneys appeared and defended.    That in this cause said Foskett was never served nor appeared, and said justice never had jurisdiction of him, for which reason her attorneys objected to the hearing of said cause when it was tried.    That at the trial she requested a bill of particulars, which request the justice refused, and hence neither she nor her attorneys knew at the time of such trial the claims or demands of plaintiffs in error, nor the subject-matter of the suit.    At such trial the only evidence offered by the plaintiff was that Darling had admitted she was a partner of Foskett, and a certified copy of the report of the receiver in said insolvency proceedings, purporting to show the list of claims against said estate, to which no objection had been made.    To this evidence her attorneys objected, but said justice overruled such objection and entered judgment solely upon such evidence on January 18, 1900.    That at the same time and upon the same evidence said justice entered judgments against her in seven other similar cases, in each of which the attorney for the plaintiffs in error represented the respective plaintiffs.    That petitioner prepared to take an appeal in each and every of said cases,

Peters v. Darling.

but before the time to take such appeals had expired it was agreed between her attorneys and the attorney of the plaintiffs in error, that as the same questions arose in all of these cases, it was a useless waste of time and money to try them separately; that they would submit all such matters to one of the judges of the Circuit or Superior Court, and that the decision of said judge should be final and binding upon all parties; and it was further agreed between them that the appearance of all said plaintiffs should be entered in said Circuit Court, all jurisdictional questions should be waived, and said questions submitted to the court by way of bill or petition to be filed by petitioner. That in pursuance of such agreement, the attorneys of petitioner filed such petition in the Circuit Court before R. W. Clifford, judge of said court, and the attorney of plaintiffs in error entered therein the appearance of all said justice plaintiffs to the judgments of December 5, 1899, and consented to an order prohibiting the taking of any step for the collection of such judgments. That by agreement and because of said submission and the entry of said prohibitory order, and at the request of said attorney of plaintiffs in error, your petitioner consented to and there were entered against her in said justice court eight other judgments, each being based upon a claim similar to the one herein first set out; that a supplemental complaint setting forth these last mentioned judgments was filed in said Circuit Court proceeding, the attorney of plaintiffs in error appeared in open court and entered in said cause the appearance of the several plaintiffs in said eight judgments, and that of plaintiffs in error, and agreed to the same prohibitory order that had theretofore been entered therein, and examined the surety upon the bond filed to secure such prohibitory order; all which was done prior to the expiration of the time in which appeals could have been taken upon each and every of said judgments. That after the time for taking said appeals had gone by, the attorney for plaintiffs in error repudiated said agreement and all that had been done thereunder, and thereupon Judge Clifford refused to consider said matters,

and your petitioner dismissed said proceedings. Petitioner further shows that she was prevented from taking said several appeals, as she would otherwise have done, by the fraud and deceit of said attorney in repudiating said agreement.

The petitioner then sets up the particulars in which said several judgments are unjust and erroneous, and prays for a writ of scire facias to be directed, etc. Said writ was duly granted upon bond filed.

September 13, 1900, plaintiffs in error entered a special appearance in said cause, and moved to quash said writ. Which motion, upon hearing before Judge Kavanaugh, the court denied. November 8, 1901, they filed a plea denying the truth of the allegations contained in the petition, and put themselves upon the country, etc. Upon the same day, on the agreement of the parties in open court, said cause was submitted for trial to the court without a jury; and upon a hearing then had the court found the issues for the defendant in error and gave judgment for costs against plaintiffs in error.

December 8, 1900, before Judge Holdom, plaintiffs in error renewed their motion to quash the writ of certiorari, upon the ground that they had found further decisions upon the question. The court denied the motion, stating that he would not sit in review of any order of a brother judge.

From the action of the Superior Court this writ of error was prosecuted.

DUDLEY TAYLOR, attorney for plaintiffs in error.

BRODE B. DAVIS and WALKER & RAPHAEL, attorneys for defendant in error.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Neither the abstract nor the bill of exceptions shows any exception to the action of Judge Kavanaugh in overruling the motion to quash the writ of certiorari. Hence the propriety of the order then entered is not before us upon this writ of error. A party, to avail himself of an excep-

tion to a decision of the Circuit Court, must take an exception at the time the decision is made, and the bill of exceptions must affirmatively show that it was taken at that time. E. St. Louis E. Ry. Co. v. Stout, 150 Ill. 9. It is true the common law record shows an exception to the overruling by Judge Kavanaugh of the motion to quash the writ of certiorari herein, but this is not sufficient. Such matters can only be made a part of the record, so as to be the subject of review in an appellate tribunal, by incorporating them in the bill of exceptions. Hersey v. Schaedel, 6 Ill. App. 188; LeFevere v. Watson, 70 Ill. App. 646; Thompson v. White, 64 Ill. 314.

By submitting the cause for trial to the court, all prior errors, if any, going to the jurisdiction of the court were waived.

When process by which a court obtains jurisdiction of a cause is irregular, and no objection is made, the irregularity is waived. When a party appears generally in a case he thereby submits himself and his cause to the jurisdiction of the court, and it is too late afterward for him to object that he or his cause was not properly brought there. Had plaintiffs in error desired to test the right of the Circuit Court to issue the writ in this case, they should have stood by their plea, and taken exception to the action of the court in overruling the same. These things they did not do, but contested the merits of the case by plea and by trial. They were thereby estopped from afterward denying that they and their cause were not properly before the court. (Mitchell v. Jacobs, 17 Ill. 235.) It would be trifling with the courts and with the rights of parties to permit suitors, after voluntarily appearing and going to trial, to avail themselves of objections to the preliminary proceedings by which the cause or the parties were in court. (Randolph Co. v. Ralls, 18 Ill. 29.)

In Hatterman v. Thompson, 83 Ill. App. 217, Hatterman, by certiorari, appealed to the Circuit Court from a final judgment rendered against him in a justice court. Thompson entered his appearance, and when the case was called for

trial, made a motion to quash the writ of certiorari, which was overruled. Prior to that time the cause had been continued by agreement. The court say :

" By entering his appearance and asking a continuance, appellee waived his right to have the writ of certiorari quashed. This mode of appeal is provided by statute. The Circuit Court had, by law, jurisdiction of the subject-matter, and the entry of appellee's appearance gave it jurisdiction of his person, after which he should, at the earliest moment, have made his motion to quash. Instead of doing that, he waited until the cause was reached for trial, when he asked a continuance for one week, which was granted him, and the case set down for hearing. By this action he waived all irregularity in the method of appeal. The motion to quash goes to the jurisdiction of the court to entertain the appeal." (Citing cases.)

The defendant in error entered her appearance by the filing of her petition. The plaintiffs in error entered their appearance by filing what they call "a plea in abatement," but which is a plea in bar. After this, by agreement of parties in open court, a jury was waived and the cause was submitted to the court for trial. The jurisdiction of the Superior Court over the parties and the subject-matter was complete. In the course of the trial which followed, the plaintiffs in error told the court that they were not prepared to prove their cause of action, and rested their case. There then was nothing for the trial court to do except to find for the defendant in error. This he did.

The judgment of the Superior Court is affirmed.