## Chicago & Riverdale Lumber Company, Defendant in Error, v. James W. Garside and Maryland Casualty Company (Marshall E. Boynton, intervening claimant, Plaintiff in Error).

### Gen. No. 19,105.

1. APPEALS AND ERRORS—*affidavit to contradict recitals over signature of trial judge.* A court of review cannot consider an affidavit to the effect that the trial court did not sign the statement of facts on the date recited.

2. APPEALS AND ERRORS—*record is conclusive.* When the record is once made up, it is conclusive upon all parties until altered or set aside by a court of competent jurisdiction, and all questions relating to the time when it was in fact made, or in regard to the authority on which it was made, or in respect to the truthfulness of its recitals, must be settled by reference to the record alone.

3. APPEALS AND ERRORS—*failure to enter a nunc pro tunc order.* Where the failure to enter a *nunc pro tunc* order is the only defect in the record, it is a mere irregularity and does not make the bill of exceptions void.

4. MUNICIPAL COURT—*when nunc pro tunc order is void.* An order by a municipal court judge more than thirty days after judgment is entered, permitting a certificate of evidence to be filed *nunc pro tunc* as of an earlier date when he signed the certificate, is void, since the court has lost jurisdiction.

5. APPEALS AND ERRORS—*stipulation to change recital of trial judge on certificate of evidence.* Where a certificate of evidence bears the signature of the trial court under a certain date, a motion in the Appellate Court to withdraw the record for the purpose of having the date "corrected" will be denied, nor can it be corrected by stipulation.

6. APPEALS AND ERRORS—*where certificate of evidence is signed as of earlier date.* Where a certificate of evidence is signed by the trial judge *nunc pro tunc* as of an earlier date, it is presumed by the appellate court that the delay was the fault of the judge and not of counsel.

7. APPEALS AND ERRORS—*when certificate of evidence is not filed in time.* Where a certificate of evidence from the municipal court is signed by the trial judge within an extension of thirty days, but is not filed until after the time is up, a motion to strike it from the record in the appellate court is allowed.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed April 24, 1913.

LEE & LEE, for plaintiff in error.

GUSTAVE E. BEERLY and ARCHIBALD CATTELL, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

This writ of error was sued out to reverse a judgment for $890, entered in the Municipal Court against Maryland Casualty Company as garnishee, in favor of James W. Garside, for the use of the Chicago & Riverdale Lumber Company. A motion has been interposed to strike the stenographic report or statement of facts from the record upon the ground that it was not filed within apt time. The suit was a fourth-class case in attachment. It appears from the certified transcript of the record that the judgment was entered on November 15, 1912. On December 11, 1912, an order was entered extending the time within which to file a statement of facts thirty days from that date. There appears in the record a statement of facts or stenographic report which is marked "Presented this 8th day of January, 1913. Charles N. Goodnow, Judge." At the end of the certificate to the statement of facts appears the following: "Dated this 8th day of January, 1913. Charles N. Goodnow, Judge of the Municipal Court of Chicago," and immediately beneath the judge's signature is the file mark of the clerk showing that it was filed March 28, 1913.

If the record is to be taken as truly reciting the facts, it appears from the foregoing quotations that the statement of facts was presented to the trial judge on January 8, 1913, and was signed by him *on the same day*. This presentation and signing were within the time limited by the order of December 11, 1912, which time, by that order, did not expire until January 10, 1913, but that through no fault of the judge, it was not filed until over two months later, viz: March 28, 1913. An affidavit has been filed in this

court by appellant's counsel to the effect that the court did not in fact sign the statement of facts until March 25, 1913, and that the delay was the fault of counsel for defendant in error, who desired time to examine the statement of facts before it should be signed, and that when it was finally agreed upon, the trial judge dated it back, instead of inserting the true date upon which he actually signed it. Such an affidavit cannot, however, be considered by this court. If the certificate of the trial judge could be thus contradicted by affidavits in this respect, it could be so contradicted in any other particular, in which case the requirement of the law that the trial judge shall, "within thirty days after the entry of any final order or judgment or within such time as may, upon application therefor within said thirty days be allowed by the court, sign and place on file  *  *  *  either a correct statement  *  *  *  of the facts  *  *  *  and of all questions of law involved  *  *  *  or  *  *  *  a correct stenographic report of the proceedings of the trial," would have little, if any, practical effect. In West Chicago St. R. Co. v. Morrison, Adams & Allen Co., 160 Ill. 288, it was said: "It is a well settled rule of law that a record imports absolute verity and cannot be impeached by parol testimony.  *  *  *  When the record is once made up it is conclusive upon all parties until altered or set aside by a court of competent jurisdiction, and all questions relating to the time when it was in fact made, or in regard to the authority on which it was made, or in respect to the truthfulness of its recitals, must be settled by reference to the record alone."

In Hall v. Royal Neighbors of America, 231 Ill. 185, the transcript of the record showed that an appeal had been taken from a judgment entered in the County Court of Ford county, and that such appeal had been granted upon condition that the appellant should file its bill of exceptions on or before thirty-five days; that the bill of exceptions was in fact signed and sealed by

the judge of the court seven days before the expiration of the time allowed, so that the failure to file it was not due to any neglect or delay of the judge in signing and sealing the same. It was there contended that in legal contemplation a bill of exceptions is in the possession of the clerk and filed as soon as it is signed and sealed. To this contention the court said (p. 190):—"That is saying the law contemplates that a bill of exceptions is filed when it is not filed, and we cannot give our assent to a proposition so absurd." That case recognized the principle that if a bill of exceptions is presented to the trial judge at such time that it can be filed within the time allowed by the order of the court, the party presenting it will not be prejudiced by any delay or neglect of the court, and if it is signed and sealed by the judge after the time limited has expired, and the date of presentation appears on the bill, an order may be entered, at the time of such signing, to file it *nunc pro tunc* as of the date it was presented to the judge for his signature. But the court declined to apply that principle in that case, for the reason, as stated by the court (p. 192):— "This case does not come within that rule, but the failure to file the bill of exceptions was chargeable solely to the attorney who had possession of it." The rule being as above stated, that affidavits cannot be considered to contradict the recitals made over the signature of the trial judge, the case above cited seems to us to be clearly decisive of the question presented in this case.

Counsel for plaintiff in error has filed a motion for leave to withdraw the record from this court "for the purpose of having the same corrected," by showing what is claimed to be the real fact, as shown by the affidavit above mentioned. In reply to this motion, appellant's counsel have filed certain counter-suggestions, in which they say they are willing to waive the actual withdrawal of the record for the purpose named, and are willing to agree that the facts were as

stated in the affidavit, notwithstanding the recitals of the certificate of the trial judge. Appellant's counsel insist, however, that such a correction, if made, would not cure the defect, for the reason that no order was entered permitting the certificate to be filed *nunc pro tunc* as of January 8, 1913. If it were to be conceded that the mere failure to enter a *nunc pro tunc* order is the only defect in the record as it stands, such a defect would be a mere irregularity, which does not of itself render a bill of exceptions void. Hill Co. v. U. S. Fidelity & Guaranty Co., 250 Ill. 242. But, as pointed out in Hall v. Royal Neighbors of America, *supra*, that is a different case from the one under consideration. Here the defect is not the mere failure of the trial court to enter an order *nunc pro tunc* permitting the record to be filed on January 8, 1913, instead of March 28, 1913, for the certificate of the judge shows that it was *in fact signed on January 8th;* and therefore, if the trial judge had entered an order on March 28, 1913, permitting the certificate to be filed *nunc pro tunc* as of January 8th, such an order would be void and of no effect because entered at a time when the court had lost all jurisdiction and control of the matter. Nor can we consider the consent of appellant's counsel that the record may be "corrected," for the reason, as stated by the court in Wurlitzer Co. v. Dickinson, 247 Ill. 27, 30: "The provisions of the statute on this point cannot be waived by stipulation."

It is urged that the Supreme Court has defined the proper practice to be followed in cases like the present one by the following language in Hill Co. v. U. S. Fidelity & Guaranty Co., *supra*:—"As a matter of proper practice the judge should have dated it, after signing, as of the date when it was presented, and an order should have been procured filing it as of that date." Conceding that such is the proper practice, that practice was not followed in this case; for, if it be assumed that the certificate was presented to the judge for his signature on January 8, 1913, but was

not in fact signed by him until March 25, 1913, then, under the rule above quoted, the proper conclusion of the certificate should have been: "Signed this 25th day of March, 1913, *as of January 8, 1913.*" With such a recital, accompanied by the prior recital showing the actual date of presentation to the judge, the presumption would prevail that the delay was the fault of the judge and not of counsel. When, however, instead of making such a recital, the trial judge states over his own signature that he signed it on a particular day, we are not authorized to indulge in any presumptions, nor consider any affidavits or stipulations, to the contrary. The motion to strike the statement of facts from the record must, therefore, be allowed, and such will be the order. The counter-motion to withdraw the record "for the purpose of having it corrected" will, for the reasons above stated, be denied.

Upon an examination of the assignment of errors, we have been unable to find among those assigned any error which can be considered in the absence of a certificate of evidence or stenographic report. This being true, there remains nothing for this court to consider, and therefore the judgment of the Municipal Court must be affirmed.

*Statement of facts stricken and judgment affirmed.*