Two Rivers Coal Co. v. Vaughn, 200 Ill. App. 647.

*held* not reversible error, if error at all, there being no controversy as to whether or not such accident had happened.

---

## Two Rivers Coal Company, Appellant, v. J. B. Vaughn et al., Appellees.

APPEAL AND ERROR, § 800*—*what bill of exceptions must contain for purpose of review.* A ruling on a motion to quash a writ of certiorari, to review proceedings of the industrial board under the Workmen's Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475 (1) *et seq.*], will not be reviewed where it is not preserved in a bill of exceptions.

Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915.

BRADLEY, HARPER & EHEIM, for appellant; SAMUEL A. HARPER, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Thomas A. Graham, for appellees.

Mr. Presiding Justice Eldredge delivered the opinion of the court.

The appellant filed its petition in the Circuit Court of Vermilion county for a writ of certiorari to review the proceedings of the Industrial Board of the State of Illinois had under the Workmen's Compensation Act of 1913 [Cal. Ill. St. Supp. 1916, ¶ 5475 (1) et seq.] in the matter of the application of John L. Billman for compensation under said act. Upon the return of the writ a transcript of all the evidence and proceedings before the committee of arbitration, and also a transcript of the additional evidence and proceedings on appeal to the industrial board from the decision of said committee, was filed in the Circuit Court. An award was made to Billman by the arbitration committee for temporary disability in the sum of $85.50, and for permanent disfigurement to his face in the sum of $463.20. The cause was heard in the Circuit Court upon the motion of appellees to quash the writ and dismiss the petition for certiorari, which motion the court sustained, quashed the writ, and dismissed the petition at petitioner's costs. From the judgment of the court on this motion, this appeal is prosecuted. The record contains no bill of exceptions preserving any exceptions; consequently, there is nothing for this court to review. The rulings of trial courts upon motions generally can only be preserved for review on appeal by bills of exceptions, and this rule applies as well to motions to quash writs of certiorari as to other motions. In the case of *Hersey v. Schaedel,* 6 Ill. App. 188, the court held: "The record in this case contains no bill of exceptions, and although the clerk has recited as a part of the proceedings that a motion to quash the writ was interposed and overruled, and that an exception to such decision was taken, such matters can be made a part of the record,

so as to be subject to review in an Appellate Court only by bill of exceptions.''

So also in the case of *LaFevere v. Watson,* 70 Ill. App. 646, the court said: ''He brings the case to this court on a writ of error, and assigns for error: 1, that the court erred in overruling plaintiff's motion to quash the writ of certiorari and dismiss the appeal; and 2, that the court erred in rendering judgment for the defendants, and that the judgment should have been for the plaintiff.

''In order to have preserved these questions for the consideration of this court, the plaintiff in error should have saved them in a bill of exceptions, as otherwise there is nothing in the record for us to pass upon. There is no bill of exceptions in the record. The clerk has improperly inserted in the record what purports to be a motion to quash the writ of certiorari, and also a motion for a new trial, but this action of the clerk does not make these alleged motions a part of the record.''

For the reasons stated, the judgment of the Circuit Court must be affirmed.

*Affirmed.*