## Cole L. Jones, Appellee, v. City of Carterville, Appellant.

### Term No. 50F12.

Opinion filed March 28, 1950.
Released for publication April 22, 1950.

A. D. MORGAN, of Herrin, and DAVID A. WARFORD, of Marion, for appellant.

FRANK E. TROBAUGH and STEPHEN E. BRONDOS, both of West Frankfort, for appellee; WILLIAM E. AULGUR, of West Frankfort, of counsel.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

The appellee, Cole L. Jones, has moved to dismiss this appeal taken by the City of Carterville, and assigned as grounds certain defects in the record, and this motion was taken with the case. In the record on appeal before us, the following pertinent conditions exist:

On October 10, 1949, the appellant filed in the circuit court of Williamson county, a notice of appeal from a

decree "which was filed in said Court on July 28, 1949, and which decree provides that the Plaintiff-Appellee have and recover from the Defendant-Appellant the sum of $2,246.98."

The record on appeal filed in this court contains no such decree purporting to have been filed or entered of record on July 28, 1949. However, there is in the record a decree which, among other things, provides such a money judgment as is described in the notice. This decree recites in its preamble that it is entered "on this 3rd day of May, A. D. 1949" and contains a heading "Decree of Court Entered May 3, 1949." Following the decree there is a page which appears to be a copy of the file wrapper, and which contains, among other recitals, the following notations: "Decree of Court entered May 3, 1949 Filed May–3–1949 Byrl Turner Clerk of the Circuit Court." There is also a line bearing no other date, as follows "Recorded in Chancery Record 45, page 195."

On this same page there is a purported certificate of the clerk under his hand and seal, dated October 5, 1949, with this recital: "I, Byrl Turner, Circuit Clerk in and for the county and state aforesaid, do hereby certify that this document was filed in my office on July 28, 1949, and not prior to that date." At the end of the record there is the usual clerk's certificate that it is "a true, perfect and complete copy of the record . . . the files and originals of which are in my office remaining."

It will be observed that the notice of appeal was filed within 90 days after July 28, 1949, but more than five months after May 3, 1949.

As originally filed, the record contained nothing to show upon which, if any, days the court was in session. Appellant later filed, by leave of this court, additional parts of the record consisting of a placita showing the regular opening of the May 1949 Term, on May 2, 1949, by Hon. C. Ross Reynolds; and another showing open-

ing of the July 1949 Term on July 11, 1949, by Hon. Harold L. Zimmerman. The decree of May 3 is by Hon. C. Ross Reynolds, and the report of proceedings is certified by him.

Appellee also asked leave to file additional parts of the record, consisting of the judges' minutes in this case. We denied this motion for reasons which will be apparent from this opinion.

██ In order to secure a review of a judgment or decree, it is essential that the judgment or decree appealed from be shown in the record before the appellate tribunal. This is done by incorporating a copy of the decree with a proper certificate by the clerk to show it portrays the official record. There can be no substitute for this requirement, for the rights of litigants must be determined from official records, and cannot be permitted to rest upon anything so transient as the personal recollection of individuals. This results in the universal rule that the records of the court import verity, and cannot be contradicted, except by other matters of record.

The notice of appeal identifies a decree as being entered on July 28, and this is no mere clerical error, for appellant bases his right to appeal within 90 days from that date. The record discloses no such decree, either expressly, or by inference from any other part of the official records. Except for the date in the decree itself, it is not shown in what day's proceedings it is recorded.

██ The record as amended does show that on July 11 Judge Zimmerman opened a term of court. If, on the 28th, he entered a decree by direction of Judge Reynolds, and caused the record to show that fact, we would accept it as sufficient, for a decree is that of the court rather than of an individual.

No such showing appears in this record. Judge Reynolds certifies the report of proceedings in this case, but there is no indication of record that he en-

333

tered or caused to be entered a decree on July 28 based upon those proceedings. For this failure to show the decree appealed from, as specified in the notice of appeal, the record on appeal is defective.

In an attempt to avoid this defect, appellant has filed objections to the motion to dismiss, and asserts that the decree of May 3 by JUDGE REYNOLDS, which is in this record, was actually filed in the clerk's office on July 28 and not before.

■ Judgments at law, which are of stereotyped form, are always effective from the date of pronouncement. But decrees in chancery vary in form almost without limit, and are often elaborate and cover many things. Until a final draft is approved and filed, there is no way for counsel to anticipate its contents, and thus determine what objections he may find. Litigants are not without remedy in this respect, where it is necessary to act upon a decree, for since the origin of chancery practice, it is the rule that the chancery decree is effective, not from its pronouncement as in the case of judgments at law, but from the date the formal decree is approved and filed with the clerk for recording.

Appellant purports to rely upon this rule. There is no question that this is the settled law, but what is overlooked is this: the rule presupposes that the records of the court will show the facts respecting the dates. It would perhaps be better to state the rule thus: the decree is effective from the date it is approved and filed for record, *as that date is shown by the record.*

The rule that the court record imports verity applies to dates of entry as well as in other respects. *Herrington v. McCollum,* 73 Ill. 476; *Moore v. Shook,* 276 Ill. 47; *Anderson v. Anderson,* 380 Ill. 435; *Chicago & Riverdale Lumber Co. v. Garside,* 179 Ill. App. 40; *Schuster v. Elsner,* 250 Ill. App. 192.

■ The statement, previously quoted, by which the clerk asserts that the decree of May 3 was actually

filed on July 28, has no value. The clerk is the official custodian of the court's records, and as such may certify copies therefrom for use in courts of review. Reviewing courts accept as authentic, records so certified by him. But the statement above quoted does not certify any record. It purports to be nothing more than his statement on October 5 of his personal recollection concerning events in previous months. Such extra-official recitals cannot be considered as part of the record. *Bingham v. Brumback,* 24 Ill. App. 332; *Lusk v. Parsons,* 39 Ill. App. 380; *West Chicago St. R. Co. v. Morrison Adams & Allen Co.,* 160 Ill. 288; *Hubbard v. People,* 197 Ill. 15.

We have mentioned the file mark on the decree, which indicates that it was recorded in Chancery Record 45, page 195. If that book and page shows proceedings on July 28, a certified copy of such record recitals would have presented a record here upon which we could act. In the absence of such certificate, all the official record we have is the decree itself, which asserts the date of May 3. No unofficial and extrinsic evidence can overcome the official record. Not even the personal recollection of the judge can change it. *Chicago B. & Q. R. Co. v. Wingler,* 165 Ill. 634.

As stated in Nichols Illinois Civil Practice, sec. 4031: "A decree . . . cannot be impeached or contradicted by the clerk, the recollection or want of recollection of the judge, or by any other extrinsic evidence, oral or otherwise, as to its *date,* character or amount."

If an error should occur in the writing of a record, there is available legal means for correcting it by direct procedure in the court. This is the principal purpose of the judge's minutes. The minutes of the judge are not an official record of the court for use on appeal. They are memoranda for the use of the clerk in writing the record, and may be referred to by the court for the purpose of correcting an error, upon

335

proper application. They are also the basis for entering a decree *nunc pro tunc*. *Moore v. Shook*, 276 Ill. 47. There is before us, no record of a *nunc pro tunc* order on July 28, nor of any attempt at any time to assert or cure any alleged error in the record.

■ Since the official records disclose no decree entered July 28, and the notice of appeal was not filed within 90 days of the decree entered May 3, as shown by the record, the motion to dismiss the appeal must be allowed, and this appeal is dismissed.

*Appeal dismissed.*

BARDENS, P. J., and CULBERTSON, J., concur.