Joe Ingram, Appellee, v. Hammer Brothers White
Lead Company, Appellant.

Opinion filed January 23, 1933.

Kevin Kane and Frank A. Wesley, for appellant.

Frank M. Summers, for appellee.

Mr. Justice Fulton delivered the opinion of the
court.

The appellee filed a bill in equity for specific per-
formance of an agreement with appellant, praying
that appellee be decreed to pay him $8 a week for life.
The bill states that appellee had been employed by

the appellant, Hammer Brothers White Lead Company, for a period of 21 years preceding June, 1925, and that while so employed he contracted chronic lead poisoning, which disabled him to such an extent that he could no longer perform his duties in that employment; that because of such disability the appellant, through its agents, entered into an agreement to pay appellee the sum of $8 per week for life, and that payments were made on such contract from June 1, 1925, until June 30, 1931, at which time such weekly payments were discontinued.

The appellants filed a general and special demurrer to the bill of complaint, and also a motion to dismiss for want of equity, all of which were overruled and to which action of the court the appellant excepted. Thereupon the appellant answered the bill denying that appellee contracted lead poisoning or became disabled as a result of lead poisoning while employed by appellant. The answer also alleged that a claim for compensation had been filed under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, by appellee and had been denied, and also prayed the same advantage of the answer as if it had demurred.

The cause was referred to a master in chancery who found for the appellant. Exceptions to his report were argued in the city court, sustained and a decree entered for specific performance of the contract by the trial court.

Appellant urges among other grounds for reversal that the bill has no foundation in equity and that the complainant has full and adequate remedy at law. We do not find anything in this bill of complaint, or in the facts proven, that warrants the exercise of equity jurisdiction. The suit is brought to enforce the terms of a contract concerning the payment of money. As a general rule a court of equity will not decree the specific performance of a contract relating to personal

property unless there is some element or feature in it to show that the relief at law might not be adequate, as where the measure of damages resulting from the nonperformance of the agreement is uncertain or difficult to ascertain, or where the thing contracted for has to the complainant some intrinsic or special value and the like. *Cohn v. Mitchell,* 115 Ill. 124. Equity will not decree specific performance unless something more is to be done by it than the mere payment of money, or anything which ends in the mere payment, because the law is adequate to this. *Pierce v. Plumb,* 74 Ill. 326. So far as the injuries claimed by appellee in this case are concerned, we are of the opinion there was a complete remedy at law, and no exceptions or peculiar circumstances surround the contract which warrant the action in equity. The decree is therefore reversed with instructions to the city court of East St. Louis to dismiss the bill for want of equity.

*Reversed.*