(No. 22682.—

FREDERICK A. FIERKE, Appellant, *vs.* THE ELGIN CITY BANKING COMPANY, Exr., *et al.* Appellees.

*Opinion filed February 15, 1935.*

ARTHUR L. PAULSON, and W. B. MORGAN, for appellant.

MARCUS J. STERNBERG, for appellees.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

Frederick A. Fierke filed a bill of complaint in the circuit court of Kane county against the Elgin City Banking Company, executor and trustee under the last will and testament of John F. Fierke, deceased, Frank J. Fierke, Mary

Fierke, his wife, their two sons, and Edith Fierke, wife of complainant, for specific performance of an alleged oral contract by decedent to leave at his death certain real and personal property to complainant. An amended bill and an amendment thereto were later filed. Demurrers by all the defendants except complainant's wife were sustained, and a decree was entered dismissing the bill as amended for want of equity. From that decree complainant has prosecuted this appeal.

The bill and amendments alleged, in substance, that on September 1, 1928, John F. Fierke, complainant's uncle, owned certain real estate in the village of West Dundee, Kane county, occupied by him as a homestead; that the property is improved with a large, elaborate, old-fashioned house, a garage, and other buildings; that it required constant care and attention, and, if properly maintained, a retinue of servants and a caretaker, and was not adapted to a family in moderate circumstances; that on that account the property was not readily salable and its market value did not exceed $15,000; that on or about the day named, he, being a man of considerable wealth, seventy-two years of age and in failing health, without the assistance or companionship of anyone except the employees in his home, told complainant he was saddened and in low spirits because of the recent death of his wife; that his health did not permit him to manage and care for his household; that he desired a blood relative to live with him as a member of his family and required some male person to take active charge of and supervise his home; that he had selected complainant as the most suitable person to fulfill the requirements; that he requested complainant to give up his own home and with his wife move to his, the uncle's, home, become a member of his family, be a companion to him and assume the management of the establishment during the remainder of his life; that in consideration therefor his uncle promised at his death

to leave complainant the residence property in fee simple and its contents, and knowing complainant was a man of small means and income, as part of the consideration also promised him 1300 shares of stock in three corporations and $10,000 in money. It was further alleged that, relying on his uncle's promise, complainant on September 15, 1928, gave up his home and with his wife moved to his uncle's house, resided there as a member of his family, and assisted him in the management of his household until his death, on August 26, 1931; that during the three years he and his wife lived there they performed without compensation many irksome and arduous duties of such a nature that they cannot be adequately compensated at law; that thereby their health became greatly impaired, on account of which complainant incurred a large expense; that he in all respects performed his part of the agreement at a sacrifice and great physical and financial detriment to himself; that his services were rendered wholly in reliance upon the contract; that his uncle left an estate of $700,000 but failed to carry out his agreement; that by his uncle's last will the Elgin City Banking Company was made trustee of the property in controversy; that complainant was given the use of the real estate and the income from the personal property during his natural life, but if he and his wife had a child which attained the age of six months the property specified should go to complainant absolutely, but in case of his death without having such child, $5000 of the trust estate should go to complainant's wife and the remainder to Frank J. Fierke, if living, or if not living, to his heirs.

Defendants contend that the contract is void under the Statute of Frauds because it was not in writing, signed by decedent; that the allegations are too vague and uncertain to justify the conclusions of the pleader or to call upon the court to exercise its discretion to decree specific performance, and that no state of facts is alleged showing with the

required certainty that complainant changed his position for the worse in consequence of the agreement or that he does not have an adequate remedy at law for his services.

The law is that where services performed can be adequately compensated at law, or where the promisee shows no substantial change for the worse in his position in consequence of the agreement, specific performance will be denied, (*Yager* v. *Lyon,* 337 Ill. 271; *Snyder* v. *French,* 272 id. 43;) but where one party to an oral contract has, in reliance thereon, so far performed his part of the agreement that it would perpetrate a fraud upon him to allow the other party to repudiate the contract by invoking the Statute of Frauds, equity will regard the case as removed from the operation of the statute and enforce specific performance of the contract or grant other appropriate relief. (4 Pomeroy's Eq. Jur. (4th ed.) sec. 1409; Pomeroy on Specific Perf. (3d ed.) sec. 104; *Ropacki* v. *Ropacki,* 354 Ill. 502; *Adkins* v. *Adkins,* 332 id. 422; *Stephens* v. *Collison,* 313 id. 365.) If an oral contract to devise land in consideration of personal services is reasonably certain as to the subject matter, stipulations, purposes, parties and circumstances under which it is made, equity will decree specific performance if there has been partial performance sufficient to take a parol contract to convey land out of the Statute of Frauds. 4 Pomeroy's Eq. Jur. (4th ed.) secs. 1401, 1405; *Edwards* v. *Brown,* 308 Ill. 350.

The allegations, which under demurrer must be taken as true, show that in reliance upon decedent's promise complainant gave up his own home, carried out his part of the agreement without compensation, and that he and his wife performed services over a period of practically three years which impaired their health. They sufficiently show that by reason of the contract complainant made a change by which he suffered a substantial detriment, financially and physically. The value of the stocks is not shown, but it is apparent that the value of the other property covered by

the contract is $25,000. The allegations, taken as true, show that an abrogation of the contract would amount to a fraud on complainant and are sufficient to take the case out of the Statute of Frauds. The facts on which the right to recover is based are specifically alleged. One of the oldest rules of equity pleading is that it is only necessary to set out the ultimate facts and that a statement of evidentiary facts is neither necessary nor proper. (Story's Eq. Pl. sec. 28; *Penn* v. *Fogler,* 182 Ill. 76; 3 Ency. of Pl. & Pr. 355.) The bill as amended was not obnoxious to demurrer.

The decree of the circuit court is reversed and the cause is remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*