**The People of the State of Illinois, Plaintiff-Appellant, v. Francis J. McGrain, Defendant-Appellee.**

**Gen. No. 65–87.**

Second District

June 6, 1966.

Rehearing denied September 19, 1966.

 

Bruno W. Stanczak, State's Attorney, and Jack Hoogasian, Assistant State's Attorney, both of Waukegan, for appellant.

Frank M. Daly, of Waukegan, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal by the People from an order of the Circuit Court of Lake County granting defendant's amended petition to suppress evidence.

On May 2, 1964, Sergeant William A. Kennedy of the Waukegan Police Department requested the Assistant State's Attorney to draft a complaint for search warrant. The reason for this request was to arrest and search the defendant, Francis J. McGrain. The complaint was drafted as follows:

"Now comes your affiant, William A. Kennedy, of the Waukegan Police Department, being first duly sworn on oath according to the law of the State of Illinois, and under oath does hereby complain to and informs this date, May 2, 1964, in Waukegan, Lake County, Illinois, that Francis J. 'Bunch' McGrain does have in his personal possession certain horse-race slips, papers, printed and written bets, books, scratch sheets, racing forms, and other related paraphernalia and papers dealing with the recording of bets and the registering of bets, and does further have in his possession monies and funds which have been bet or wagered on horse racing this 2nd day of May, 1964, and that such information is based upon reasonable and probable belief from personal observation, and investigation, by your affiant, and of members of the Detective

8

Bureau, Waukegan Police Department, working under the control of your affiant in the matter herein, and further that the said Francis J. 'Bunch' McGrain is engaged in the unlawful act of gambling, as more fully set forth in the Criminal Code of 1961, Illinois Revised Statutes 1963.

"Your Affiant further states that he verily believes from observation and investigation that the said Francis J. 'Bunch' McGrain is accepting bets and wagers, and does have in his possession the described articles mentioned penultimately herein, including monies and funds which have been bet and wagered.

"Wherefore, your affiant prays that a search warrant may issue according to law."

On this complaint a warrant was issued. On May 2, 1964, defendant, Francis J. McGrain, was arrested by officers of the Waukegan Police Department at 440 Franklin Street, Waukegan, and searched pursuant to the search warrant. On defendant's person were found various items indicating he was making "book."

We have taken with this case a Motion to Dismiss the Appeal. It is the defendant's contention that in perfecting the appeal the People failed to serve a copy of the Notice of Appeal on defendant, as required by Supreme Court Rule 34; failed to serve Notice of filing of Praecipe, as required by Supreme Court Rule 36(1) (a) ; and failed to serve Notice of filing record on Appeal as required by Supreme Court Rule 36(2) (f) (Ill Rev Stats 1965, c 110, §§ 101.34, 101.36(1) (a) and (2) (f)).

The record does not sustain defendant's first two contentions and an appeal will not be dismissed for failure to serve written notice of filing of record on opposing party unless such failure has prejudiced such opposing party. Roesch-Zeller, Inc. v. Hollembeak, 5 Ill App

2d 94, 100 (3rd Dist 1955), 124 NE2d 662. Defendant has shown no prejudice and the motion is denied. The appeal herein is governed by Supreme Court Rule 27 (Procedure in Criminal Appeals) Illinois Revised Statutes, 1965, chap 110, § 101.27. Our examination of the proceedings discloses compliance with the requirements of Supreme Court Rule 27.

No testimony was offered at the hearing on the Petition to Suppress the Evidence obtained from the issuance of the search warrant. The sole issue here presented then is limited to the wording of the complaint. It is contended that probable cause cannot be established by a court for a search warrant which is purely conclusory, stating only the affiant's belief that probable cause exists, without detailing any of the underlying circumstances upon which that belief is based.

The Illinois Code of Criminal Procedure, 1963, contains a section on Grounds for Search Warrant, Illinois Revised Statutes, chap 38, par 108.3. The standards for gauging the sufficiency of a complaint for a search warrant have been well established in People v. Close, 60 Ill App2d 477, 483 and 484, 208 NE2d 644, and there appears to be no need for us to again make this review.

In People v. Jackson, 22 Ill2d 382, 176 NE2d 803, one Davenport signed a complant for a search warrant which alleged his belief that there was policy paraphernalia in the premises and set forth "that as grounds for his belief he says said premises have been under surveillance and persons known by me to be employed in such activities of policy game or lottery have been seen by me entering said premises." In upholding the issuance of the search warrant the court said at page 387: "The simple truth is that the complaint does not purport to be based on hearsay or conclusions, but upon facts within the complainant's own knowledge, learned while the defendant's residence was under surveillance." We conclude that the information based upon "reason-

able and probable belief" from personal observations and investigation is well within the concept as determined in the Jackson case, namely that the complaint was based on facts within the knowledge of the complainant or learned from personal observation and investigation. Accordingly, the trial court did err in granting the Motion to Suppress the Evidence obtained from the search warrant proceedings.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

MORAN P. J. and DAVIS, J., concur.