THEOBAULT-OLSON COMPANY, INC., Plaintiff-Appellant, *v.* LAWRENCE PETTA *et al.*, Defendants-Appellees.

(No. 56148;

First District—June 30, 1972.

*Supplemental opinion upon denial of rehearing July 28, 1972.*

Teller, Levit & Silvertrust, of Chicago, (Edward S. Margolis, of counsel,) for appellant.

538

Edward V. Hanrahan, State's Attorney, of Chicago, (Vincent Benti-venga, Jr., James A. Rooney, Frederick B. Weinstein, and Gordon Millner, Assistant State's Attorneys, of counsel,) for appellees.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff appeals from a non-jury decision of the circuit court directing a verdict at the close of the plaintiff's case for the defendant Joseph Woods, Sheriff of Cook County. Also joined as parties defendant at the trial were Lawrence Petta, John Rita and Stephen Driscoll, as officers of the Calumet Township Regular Democratic Party. The court found in their favor and against the plaintiff at the close of all the evidence. They are not parties to this appeal.

Plaintiff sought damages for the alleged conversion of a "chuck-a-luck" wheel it had rented to the Calumet Township Democrats for use at a carnival. The wheel was seized at the carnival by the defendant Woods and subsequently destroyed because it was allegedly an illegal gambling device.

■■ Various issues are raised on appeal. However, we need not consider them because our own review of the record reveals that we lack jurisdiction in this matter since plaintiff failed to file a timely notice of appeal. Filing a timely notice of appeal is the sole action a party must take in order to give this court jurisdiction. *In re Estate of Schwarz,* 63 Ill.App.2d 456, 462, 212 N.E.2d 329.

Supreme Court Rule 303(a). (Ill. Rev. Stat. 1971, ch. 110A, par. 303(a)), provides in relevant part:

"[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion."

■■■ In the instant case judgment was entered against plaintiff on March 11, 1971. Notice of appeal was filed on April 28, 1971, beyond the 30-day requirement for timely filing. While Rule 303(a) does provide that the filing of a post-trial motion will prevent the running of the 30-day period until the motion has been ruled upon, no post-trial motion was filed within the 30-day period required by section 68.3 of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110, par. 68.3), for motions after judgment. On April 28, 1971, (more than 30 days after the entry of the judgment) an oral motion was made to vacate the judgment of March 11, 1971, and for a new trial as to Sheriff Woods. This untimely motion did not bar the running of the 30 day requirement for filing a notice of appeal.

The record does show a completely unexplained continuance of the case from April 7, 1971, to April 12 and that on April 28 a motion by plaintiff to vacate the judgment and for a new trial as to the defendants other than Woods was withdrawn. These entries are of no benefit to plaintiff. See *Tomaska v. Barone*, 104 Ill.App.2d 356, 244 N.E.2d 327.

In conclusion, plaintiff failed to file a timely notice of appeal. This court, therefore, lacks jurisdiction to proceed. We are compelled to dismiss the appeal.

Appeal dismissed.

LORENZ, P. J., and ENGLISH, J., concur.

## SUPPLEMENTAL OPINION ON DENIAL
## OF PETITION FOR REHEARING

Mr. JUSTICE DRUCKER delivered the opinion of the court:

In its petition for rehearing, plaintiff seeks to contradict the record it filed in this court. An affidavit of plaintiff's counsel alleges that a written motion to vacate the judgment and for a new trial as to all defendants was filed on April 7, 1971; that at the hearing on April 28 the motion was withdrawn as to all defendants except Sheriff Woods; that the trial judge physically removed plaintiff's post-trial motion from the file and gave no explanation therefor; that he refused to make any written findings as to his reason for denying the post-trial motion, and that his denial of the motion to vacate the judgment and for a new trial referred to the written motion filed on April 7, 1971. However, the court's half sheet memorandum which plaintiff made part of the record does not show the filing of such a motion on April 7, whereas it does include the following entry for April 28, 1971: "Oral motion to vacate Judg of 3—11—71 and for new trial as to def. Sheriff of Cook County—Denied. Mot. to file written motion denied—Document presented is not a motion."

The plaintiff's *praecipe* for record did not request a written motion of April 7, 1971.

■■■ We are bound by the certified record. (*Jones v. City of Carterville*, 340 Ill.App. 330, 91 N.E.2d 604.) Reports of proceedings may not be contradicted by affidavits of counsel. *Pinkstaff v. The Pennsylvania R.R. Co.*, 23 Ill.App.2d 507, 507—11, 163 N.E.2d 728.

We must therefore adhere to our opinion and deny the petition for rehearing.

Petition for rehearing denied.

LORENZ, P. J., and ENGLISH, J., concur.