GEORGE F. MUELLER & SONS, INC., Plaintiff-Appellant, v. JUAN MORALES, d/b/a THE SWINGING DOOR LOUNGE et al., Defendants-Appellees.

(No. 60765;

First District (5th Division)—December 27, 1974.

*Rehearing denied February 18, 1975.*

J. Edward Jones, of Blue Island, for appellant.

Sherman & Lewis, of Chicago (Irving S. Abrams and Maurice L. Lewis, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from the denial of its motion for a temporary injunction to enforce the negative covenant contained in a vending machine contract with defendant Juan Morales, and to enjoin Tops Vending, Inc.'s, alleged interference with the contract and from the order of the court transferring the case to the law division. Plaintiff essentially contends that the trial court erred, because: (1) negative covenants should be enforced regardless of the existence of an adequate remedy at law, (2) the contract stipulation that this is a service contract and that there is no adequate remedy at law is binding on the court, and (3) a contractual provision for liquidated damages is not an adequate remedy at law.

The complaint in pertinent part alleges that plaintiff in the contract entered on April 18, 1974, was granted the "exclusive right to sell the products and services sold by said machine, * * * and [Morales] would not allow or permit any person other than the operator [Plaintiff] to install or operate said machines and equipment on said premises * * *"; that plaintiff would pay defendant 4 cents per pack of cigarettes sold and 50% of the receipts of the juke box and other games; that on April 30, 1974, defendant requested plaintiff to remove the vending machines, refusing to allow plaintiff to maintain them and that plaintiff believes Tops Vending, Inc., has induced this breach by offering a higher commission to Morales if he would use their machines; that in the first 20 days of operations Morales earned commissions in the amount of $108.17 from cigarettes, $90 from the juke box, $144.50 from the pool table and $20 from the shuffleboard game; and that if the contract is not enforced plaintiff will lose large revenues which cannot accurately be measured.

Plaintiff further alleges that it has elected to pursue its equitable remedies as provided in the contract rather than seek a "lesser amount in liquidated damages." Plaintiff sets forth the following clause of the contract in support of its claimed entitlement to equitable relief:

"a. The non-offering party may apply to a Court of Chancery for an injunction to compel the party breaching this contract to perform its terms as agreed herein and all parties agree that this is a

service contract and that damages for breach thereof cannot be measured and that an action of law is inadequate."

Defendants filed answers denying specific allegations and particularly that there was no adequate remedy at law. The contents of these answers are not involved in this determination and need not be set forth. The trial court denied plaintiff's motion for a temporary injunction on the ground that there was an adequate remedy at law.

OPINION

Plaintiff first contends that negative covenants should be enforced regardless of the existence of an adequate remedy at law.

■■ An action seeking to enforce the negative covenants of a contract is in substance an action for specific performance (*Peru Wheel Co. v. Union Coal Co.*, 295 Ill.App. 276, 14 N.E.2d 998) and the grounds for granting it are generally the same as those governing the granting of specific performance. *Dr. Allison, Dentist, Inc. v. Allison*, 360 Ill. 638, 196 N.E. 799.

■■ Specific performance will not be granted where there is an adequate remedy at law (*Owens-Illinois Glass Co. v. McKibbin*, 385 Ill. 245, 52 N.E.2d 177), such as money damages (*Ingram v. Hammer Brothers White Lead Co.*, 269 Ill.App. 87), or where there is a contract relating to personal property, unless there is some element or feature to show that the relief at law might not be adequate such as where the measure of damages resulting from non-performance of the agreement is uncertain or difficult to ascertain, or where the subject contracted for has some intrinsic or special value to the complainant. *Cohn v. Mitchell*, 115 Ill. 124, 3 N.E. 420; *Ingram v. Hammer Brothers White Lead Co.*, 269 Ill. App. 87.

■■ In the instant case plaintiff is seeking specific performance of a contract related to personal property; that is, the opportunity to install its vending machines in order to sell products. The damage it will sustain is the loss of sales from these machines for which there is adequate relief at law. Plaintiff has indicated that it does not seek the liquidated damages provided for in the contract. In light of the sales figures alleged in plaintiff's complaint there is a basis for ascertaining damages. There is also nothing unique or of intrinsic value in this contract to warrant the issuance of the injunction sought in this action, since a temporary injunction should only be granted if the complaint shows that the right to ultimate relief is probable. (*Bohomolec v. Gieblewicz*, 3 Ill.App.3d 16, 278 N.E.2d 202.) We agree with the trial court's denial of plaintiff's motion on the ground that there is an adequate remedy at law.

Plaintiff has referred to numerous cases where courts have granted injunctions to enforce negative covenants contained in leases and contracts. (*The Southern Fire Brick and Clay Co. v. Garden City Sand Co.*, 223 Ill. 616, 79 N.E. 313; *Anheuser-Busch Brewing Ass'n v. Dwyer*, 150 Ill.App. 315; *Peter Schoenhofen Brewing Co. v. Welbourn*, 166 Ill.App. 229.) It should be noted that in all of these cases the contract dealt with the use of real property, and there was a negative covenant concerning either the use of the land or the use of only a certain product on the land. The principle expressed in these cases that a negative covenant contained in contracts or leases related to real property will be enforced by courts of equity by injunction although the same will occasion no substantial injury or even though the injury, if any, be recoverable at law is not applicable to the case at bar since no real property is involved.

Plaintiff next contends that the contract stipulation that this is a service contract and that there is no adequate remedy at law is binding on the court. It is sufficient to state in answer to this contention that parties to an action cannot vest a court with jurisdiction by consent or stipulation, but rather the court must look to the pleadings and facts of a particular case to determine whether it has jurisdiction to act in the particular situation.

■■ Plaintiff lastly contends that liquidated damages are not an adequate remedy. It arrives at this conclusion by arguing that the liquidated damages as provided are "compromised damages" which are less than actual damages sustained and thus not adequate. No cases have been cited in support of this argument. We find it unnecessary to discuss this issue since there is, as previously discussed, an adequate remedy at law, and the validity or applicability of the liquidated damages clause can be determined in an action seeking the remedy at law.

For the reasons above stated the order of the circuit court denying plaintiff's motion for a temporary injunction and transferring the case to the law division is affirmed.

Affirmed.

SULLIVAN, P. J., and DRUCKER, J., concur.