*In re* ESTATE OF GERDA E. JOHNSON.—(HELEN NELSON, Ex'r of the Estate of Maynard Nelson *et al.*, Plaintiffs-Appellants, *v.* EVANGELICAL HOSPITAL ASSOCIATION *et al.*, Defendants-Appellees.)

First District (2nd Division)   Nos. 61840, 61943 cons.

Opinion filed June 8, 1976.

Lee Montgomery, of Chicago, for appellants.

Seibert & Daniels, Ruff & Grotefeld, and Edward L. S. Arkema, all of Chicago, for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiffs, Maynard Nelson, individually, and his wife, Helen Nelson, filed a two-count complaint in the circuit court of Cook County against defendants, Evangelical Hospital Association, Christ Community Hospital, Holy Land Christian Mission, Grace United Church of Christ, Thomas Memorial Congregational Church, Peace Memorial Home, Magda Ahlstrom, Dagmar Jansson, Nils Johnson, Yngve Johnson, Carl Palmgren, Kjillvar Olsson, Stefan Olsson, Ragner Olson, and Maynard Nelson, executor of the will of Gerda E. Johnson.[1] Count I of the complaint sought specific performance of an alleged oral contract entered into by Gerda Johnson (decedent) and plaintiffs. Count II sought to set aside as invalid a certain will of decedent that had been admitted to probate. The trial court first dismissed Count II of plaintiffs' complaint, and later dismissed Count I. Plaintiffs now appeal from both dismissals.

Plaintiffs raise two issues for our review: (1) whether the plaintiffs' acceptance of the office of executor for decedent's will precluded them from contesting the validity of that will, and (2) whether there was an

---

[1] Subsequent to the filing of the complaint, Maynard Nelson died. The trial court thereupon allowed the substitution of Helen Nelson, as executor of the estate of Maynard Nelson, for Maynard Nelson, individually. For uniformity, we will refer to plaintiff in the plural.

adequate remedy of law which barred their count for specific performance. Defendants raise two issues as to the procedural sufficiency in perfecting this appeal: (1) whether defendants were properly served with notice of the notice of appeal from the first order of dismissal, and (2) whether a notice of appeal was properly filed as to the second order of dismissal. A summary of the facts follows.

When Gerda Johnson died on April 21, 1973, she left two wills, one dated July 21, 1967, and one dated March 23, 1972. The 1967 will gave small bequests to six relatives living in Sweden and left the remainder of the estate to plaintiffs. The 1967 will named plaintiffs as co-executors. The 1972 will named all defendants as beneficiaries, left Maynard Nelson only an interest in the residue, and left nothing to Helen Nelson individually. The 1972 will named Maynard Nelson as executor and Helen Nelson as successor executor.

On September 19, 1973, on the petition of Maynard Nelson, decedent's 1972 will was admitted to probate, and pursuant to the directions in that will, Maynard Nelson was appointed executor.

On February 11, 1974, plaintiffs filed the instant two count complaint. The first count asked for specific performance of an alleged oral agreement entered into by decedent and plaintiffs. The complaint alleged that in 1967 decedent entered into an oral agreement to leave plaintiffs her entire estate, except for some minor bequests, in return for their promise to care for decedent until her death. Plaintiffs averred that they had provided for decedent's care, maintenance and medical needs from 1966 until her death. Plaintiffs attached a copy of the 1967 will as evidence of that agreement. Count II of plaintiffs' complaint asked that the 1972 will be set aside and declared not to be the last will of decedent. Count II alleged that decedent was very ill for two years preceding her death, and that "certain parties" connected with defendant charitable institutions had unduly influenced the execution of the 1972 will.

On the same day plaintiffs filed the two-count complaint, plaintiffs also filed a claim against decedent's estate. The claim, in contract and tort, was also based on the alleged 1967 oral promise made by decedent and prayed damages of $300,000 for breach of the alleged promise. That claim is still pending in the probate court.

Subsequent to the filing of the complaint and claim, Maynard Nelson, as executor, petitioned the court for the appointment of a special administrator to defend the estate against plaintiffs' complaint and claim. A special administrator was appointed and has been defending the estate to date.

While the complaint and claim were pending, Maynard Nelson died. Pursuant to the directions in the 1972 will, Helen Nelson, his wife, was appointed successor executor. After her appointment as successor

executor, Helen Nelson petitioned the court for a final account covering the executorship of Maynard Nelson. Pursuant to the petition, the court awarded fees for services performed by Maynard Nelson, the special administrator, and the attorney for the estate up to the date of Maynard Nelson's death. Although the court awarded $2500 to the estate of Maynard Nelson for services performed during his executorship, it is unclear from the record whether that award has actually been paid.

On January 31, 1975, the trial court dismissed Count II of plaintiffs' complaint but denied defendants' motion to dismiss Count I. On February 4, 1975, plaintiffs mailed a copy of the notice of appeal from the January 31 dismissal to defendants, but did not actually file the notice of appeal until February 18, 1975.

On April 1, 1975, the trial court reconsidered its ruling on Count I of plaintiffs' complaint and dismissed Count I. On April 28, 1975, plaintiffs filed an amended notice of appeal consolidating an appeal from the April 1 dismissal with the earlier dismissal of January 31. On that date, plaintiffs also filed a separate notice of appeal from the April 1 dismissal.

At the outset we are presented with defendants' arguments challenging the procedural sufficiency of perfecting this appeal. Defendants first contend that plaintiffs improperly served them with notice of appeal from the January 31 dismissal of Count II.

Defendants rely entirely on Supreme Court Rule 303(d) which, in pertinent part, provides:

> "No later than 7 days after the notice of appeal * * * is filed in the circuit court, the party filing it shall serve * * * a copy of the notice of appeal and notice of the date of filing upon every other party and upon any other person or officer entitled by law to notice of the appeal. Proof of service must be filed within 7 days after service is made, and no action shall be taken until it is filed." (Ill. Rev. Stat. 1975, ch. 110A, par. 303(d).)

Defendants argue that because plaintiffs served them with notice of appeal before the notice of appeal was filed rather than after it was filed and because the copy served did not indicate the date on which the notice of appeal was filed, plaintiffs have not properly perfected this appeal.

■■ Defendants are mistaken that service of notice of appeal may only be accomplished after the notice of appeal has actually been filed. A similar time requirement under the predecessor to Rule 303(d) was held to be only a period of limitation. (*Shafer v. Robillard*, 370 Ill. 92, 17 N.E.2d 963.) Service of the notice before actual filing was sufficient to comply with the Rule. (*Schornick v. Prudential Insurance Co.*, 277 Ill. App. 36.) The language of the present rule indicates no different intent. Rather, the language, "No later than seven days after the notice of appeal or an amendment as of right is filed," is consistent with the interpretation

that the time period is only an outward limitation. As such, service may be made before or after the notice of appeal is filed. (Ill. Ann. Stat., ch. 110A, §303(d), Historical and Practice Notes (Smith-Hurd 1968).) Consequently, in this regard, plaintiffs did not violate Rule 303(d).

Plaintiffs' service of notice of appeal did fail to comply with Rule 303(d) in that it did not provide notice of the date of filing. However, that failure does not necessarily require the dismissal of the instant appeal. The actual filing of the notice of appeal is the sole action a party must take to give this court jurisdiction. (Ill. Rev. Stat. 1975, ch. 110A, par. 301; *Theobault-Olson Co. v. Petta*, 6 Ill. App. 3d 537, 286 N.E.2d 163.) It therefore follows that whether noncompliance with other procedural rules will result in a dismissal of the appeal rests in our sole discretion.

■■ While we cannot condone noncompliance with the Rules, we are not disposed to dismiss an appeal on the ground that service of notice was improperly made absent a showing of prejudice to defendants. (*See People v. McGrain*, 72 Ill. App. 2d 7, 219 N.E.2d 586; *Roesch-Zeller, Inc. v. Hollembeak*, 5 Ill. App. 2d 94, 124 N.E.2d 662.) Defendants have not in any manner indicated that they were prejudiced by plaintiffs' failure to provide notice of the date of filing. Indeed, defendants have not even indicated that they were unaware of the date of filing. Under such circumstances, we will not dismiss the appeal on a mere technicality. *Bradley v. Metropolitan Sanitary District*, 56 Ill. App. 2d 482, 206 N.E.2d 276.

Defendants' second challenge to the procedural sufficiency of perfecting this appeal concerns the filing of the notice of appeal from the April 1 dismissal.

Defendants rely on Supreme Court Rule 303(c)(4) which, in pertinent part, provides:

> "The notice of appeal may be amended without leave of court within 30 days after the entry of the judgment, * * * Thereafter it may be amended only on motion, in the trial court before the appeal is docketed and in the reviewing court after the appeal is docketed." (Ill. Rev. Stat. 1975, ch. 110A, par. 303(c)(4).)

Defendants note that on April 28 plaintiffs filed an amended notice of appeal which attempted to amend the notice of appeal from the first order of dismissal to include an appeal from the second order of dismissal. Defendants argue that since the amended notice of appeal was filed without leave of court and more than 30 days after the first order of dismissal, it was insufficient to give this court jurisdiction of the second order or dismissal.

It is unnecessary to consider the propriety of the amended notice of appeal, for defendants overlook the fact that on the same day plaintiffs filed the amended notice of appeal, they also filed a separate individual

notice of appeal from the April 1 order of dismissal. This individual notice of appeal, timely filed, was sufficient to give this court jurisdiction. (Ill. Rev. Stat. 1975, ch. 110A, par. 301.) Both the appeal from the January 31 order and the appeal from the April 1 order have been consolidated by order of this court. Whatever the effect of the amended notice of appeal, both orders of dismissal are properly before this court. We now turn to the substantive issues presented.

As to the order dismissing the count seeking a will contest, plaintiffs argue that the mere acceptance of the office of executor is insufficient to preclude them from contesting the validity of decedent's will. Defendants contend that accepting appointment as executor or successor executor is a benefit and interest sufficient to estop plaintiffs from contesting the validity of the will.

■■ It is well settled that if any person takes any beneficial interest under a will, he is held thereby to ratify and confirm the will which conferred the interest. (*Remillard v. Remillard*, 6 Ill. 2d 567, 129 N.E.2d 744; *Burns v. First National Bank*, 304 Ill. 292, 136 N.E. 695.) This rule does not depend upon any statute but rests upon the equitable ground that one who elects to take under a will must recognize the equitable rights of all parties under the same will and thereby ratifies all the terms of the will. (*Palenske v. Palenske*, 281 Ill. 574, 118 N.E. 46.) The result is that once a beneficiary has accepted any benefit under a will, he will be estopped from asserting any claim inconsistent with the validity of that will. *Lloyd v. Treasurer of the State of Illinois*, 401 Ill. 520, 82 N.E.2d 470.

Neither plaintiffs nor defendants quarrel with this rule of law. Their controversy involves what constitutes a benefit sufficient to bring that rule into operation. The only actual bequest decedent left to plaintiffs in her will is the interest given to Maynard Nelson in the residuary clause. It is undisputed that, to date, plaintiffs have received nothing from this bequest. The narrow question thus presented by this appeal is whether plaintiffs' acceptance of the office of executor is, by itself, a sufficient interest or benefit to estop plaintiffs from contesting the validity of decedent's will.

Relying on section 44 of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 44), and *Scott v. O'Connor-Couch*, 271 Ill. 395, 111 N.E. 272, defendants argue that mere acceptance of the office of executor is a sufficient interest to estop plaintiffs from contesting decedent's will. In relevant part, section 44 provides:

> "If any beneficial devise, legacy, or interest is given in a will to a person attesting its execution or to his spouse, the devise, legacy, or interest is void as to that beneficiary and all persons claiming under him * * *."

*Scott* held that a person appointed executor by a will has such an

"interest" so that he could not be both an executor of that will and a necessary attesting witness of that will. Defendants thereby conclude, without further citation of authority, that an executor has an interest in a will for all purposes of probate proceedings. However, defendants' argument goes too far. What may be an interest for purposes of section 44 is not necessarily an interest for purposes of estoppel. The public policy reasons underlying a determination that a person should not be allowed to gain under a will which he helped establish are far different, and more compelling, than the concept estoppel requires. That this is true is clear from an examination of two Supreme Court decisions declining to apply the concept of estoppel to an executor under circumstances analogous to the instant facts.

In *Pace v. Pace*, 271 Ill. 114, 110 N.E. 878, a widow was appointed executor of her deceased husband's will. Aster acting as executor, the widow chose to renounce the will and take her statutory share under the law. The other devisees under the will argued that by acting as executor she had taken a beneficial interest under the will and should thereby be held to have confirmed and ratified the will. The court rejected such an argument, stating:

> "It appears to us that the cases holding that a widow is not estopped by the mere act of qualifying as executrix are based on good reasons and that the weight of authority sustains that view. * * * Merely performing the duties of an executrix does not prove an election or definite choice to take what is given by the will and surrender the right to take the share of the estate allowed by law. The view that a widow, by accepting an appointment as executrix of her deceased husband's will, * * * admits the validity of the instrument as a will * * * seems to us more sentimental than real. The fact that the widow in this case was not required to give a bond does not aid in creating any estoppel against her, and we have not discovered any principle of estoppel that would apply." 271 Ill. 114, 117-18. (Citations omitted.)

Likewise, in *In re Estate of Donovan*, 409 Ill. 195, 98 N.E.2d 757, Donovan was appointed and acted as executor of his deceased wife's will. After renouncing his wife's will, Donovan continued to act as executor under the will. The court was presented with the question of "whether Donovan, by his continued official acts as coexecutor, waived and abandoned his personal renunciation of the will, thereby estopping himself to deny its validity and effectiveness as to him personally." (409 Ill. 195, 201.) The court concluded that despite the receipt of fees for his services, he was not estopped to renounce the will.

While *Pace* and *Donovan* involved a renunciation of a will and an election to take a statutory share, neither decision turned on principles

peculiar to that circumstance. Rather, both rested on general principles applicable to all decisions involving estoppel. As the court in *Donovan* pointed out, there is a "real distinction" between benefits by inheritance and benefits earned. (409 Ill. 195, 207.) Acceptance of the former would result in an estoppel to renounce a will. Acceptance of the latter is merely payment for services rendered. That distinction, which was critical to the decisions in *Pace* and *Donovan*, is applicable to the instant case.

Plaintiffs have accepted no benefits by inheritance. Rather, any fees that inured to Maynard Nelson's estate (or to Helen Nelson as successor executor) were the result of services rendered to the estate. As such, they are to be distinguished from an interest gained as a devisee or legatee. The fact that plaintiffs were named in decedent's will in two capacities, one as legatees and one as executors, does not require that both capacities be treated the same. As in *Donovan*, plaintiffs were free to accept the one, executor, and reject the other, legatee.

We conclude that, based on the decisions of *Pace* and *Donovan*, plaintiffs, by merely acting as executors, did not acquire a beneficial interest sufficient to estop them from contesting the validity of decedent's will. Accordingly, the circuit court's order dismissing Count II is reversed and remanded for further proceedings.

Count I of plaintiffs' complaint asked for specific performance of the alleged oral agreement entered into by decedent and plaintiffs. After determining that there was an adequate remedy at law, the trial court dismissed Count I. Plaintiffs advance several reasons why there is no adequate remedy at law.

■■ The general rule is that specific performance will not be granted where there is an adequate remedy at law, such as money damages, unless there is some element or feature to show that the relief at law might not be adequate, such as where the measure of damages resulting from nonperformance of the agreement is uncertain or difficult to ascertain. (*George F. Mueller & Sons, Inc. v. Morales*, 25 Ill. App. 3d 466, 323 N.E.2d 518.) Since personal property is ordinarily not unique, contracts relating solely to personal property will not be specifically enforced unless the property involved has some intrinsic or special value to the complainant. (*Cohn v. Mitchell*, 115 Ill. 124, 3 N.E. 420; *Ingram v. Hammer Brothers White Lead Co.*, 269 Ill. App. 87.) Applying these rules to oral contracts to will or devise property in return for personal services rendered to the decedent, the courts will specifically enforce such contracts only where the complainant cannot be made whole by damages. (*Linder v. Potier*, 409 Ill. 407, 100 N.E.2d 602.) The test is whether a gross fraud would be suffered by the complainant if specific performance was denied. *Pocius v. Fleck*, 13 Ill. 2d 420, 150 N.E.2d 106; *Yager v. Lyon*, 337 Ill. 271, 169 N.E. 222.

Even taking the facts contained in plaintiffs' complaint as true, as we must on a motion to dismiss (*Mathis v. Hejna*, 109 Ill. App. 2d 356, 248 N.E.2d 767), plaintiffs' complaint contains no allegations indicating why plaintiffs would not be adequately compensated for their performance of services to the decedent pursuant to the alleged oral contract either by money damages for decedent's breach thereof or by restitutional money damages for the reasonable value of the said services. The gravamen of plaintiffs' complaint is that they performed certain services for decedent for which they expected to be paid. No reason is perceived, nor is any pointed out, why a complete and adequate remedy does not exist by presentation of a claim therefore to the probate court. Indeed, plaintiffs have filed a claim against the estate, requesting damages in an amount twice the value of the estate. For this reason alone, plaintiffs' remedy at law is not inadequate. *Holsz v. Stephen*, 362 Ill. 527, 200 N.E. 601; *Campbell v. Potter*, 147 Ill. 576, 35 N.E. 364.

■■ ■ Moreover, it should be noted that while decedent's estate contained a parcel of real estate at her death, that parcel has since been sold.[2] An examination of a final account and reporting of decedent's estate contained in the record reveals that, at present, decedent's estate contains only personal property. Plaintiffs' complaint contains no allegations that decedent's personal property has any intrinsic or special value to them. Absent such allegations, a court will not grant specific performance of a contract relating to personal property. (*Cohn v. Mitchell; Ingram v. Hammer Bros. White Lead Co.*) Although decedent's estate does contain stocks and bonds, we have examined the list contained in the record of securities held by the estate and find them all to be of major corporations which are traded on the national exchanges. It is thus patent that the securities are easily marketed and their value readily ascertained. As a result, the securities are treated as ordinary personal property and provide no exception to the rule that specific performance will not be granted relating to personal property. (*Smurr v. Kamen*, 301 Ill. 179, 133 N.E. 715; *Cazier v. Mohr*, 197 Ill.App. 550.) Thus, on this basis alone, plaintiffs did not have an adequate remedy at law.

■■ Finally, plaintiffs' complaint contains no facts indicating that refusal to enforce the alleged oral agreement would amount to a fraud on plaintiffs. (See *Fierke v. Elgin City Banking Co.*, 359 Ill. 394, 194 N.E. 528.) Plaintiffs simply aver they rendered certain services in return for decedent's promise to leave them her estate. There are no allegations that plaintiffs suffered any special detriment as a result of their reliance on the alleged promise. Absent such allegations, it is clear that plaintiffs can be fairly compensated in an action at law. See *Grove v. Templin*, 320 Ill. 597, 151 N.E. 514.

---

[2] The record does not indicate when the real estate was sold.

Plaintiffs advance several reasons why there is no adequate remedy at law. Plaintiffs contend that their damages are unascertainable, but their complaint requested a definite amount, the entire estate. Plaintiffs note the prior existence of real estate in the estate but fail to indicate why prior facts should affect the present suit. Plaintiffs also contend that the first will of decedent expressed her true wishes but fail to recognize that that is an argument more properly directed to the will contest count of their complaint. Finally, plaintiffs argue that their right to discovery is less in a claim against the estate than in a separate suit for specific performance. We first note that plaintiffs have directed our attention to no authority indicating that specific performance should be granted merely to provide greater discovery. More importantly, plaintiffs have failed to indicate what knowledge defendant charitable institutions would have of an agreement allegedly entered into by decedent and plaintiffs. We find plaintiffs' arguments that they did not have an adequate remedy at law unpersuasive.

We conclude that plaintiffs have failed both in the pleadings and in the briefs to indicate that their remedy at law was inadequate. Accordingly, the circuit court's order dismissing Court I is affirmed.

Affirmed in part; reversed and remanded in part.

HAYES and DOWNING, JJ., concur.